IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00363-RM-NYW

CARLOS BRITO,

    Plaintiff,

v.

HOLLAND & WILLIAMS REAL ESTATE, LLC, and
WENDY'S OF COLORADO SPRINGS, INC.,

    Defendants.

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendants Holland & Williams Real Estate, LLC and Wendy's of Colorado Springs, Inc.'s (collectively, "Defendants") Motion to Dismiss Plaintiff's Claims ("Motion to Dismiss") [#10, filed March 19, 2018] and Motion to Stay Discovery ("Motion to Stay") [#38, filed June 15, 2018]. The undersigned Magistrate Judge considers the Motions pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Memoranda dated April 6, 2018 [#23] and June 15, 2018 [#39]. This court concludes that oral argument will not materially assist in the resolution of this matter. Upon careful review of the Motions and related briefing, the applicable case law, and the entire docket, I respectfully RECOMMEND that the Motion to Dismiss be DENIED, and it is ORDERED that the Motion to Stay is DENIED.

## BACKGROUND

    The court draws the following facts from Plaintiff's Complaint [#1] and Amended Complaint [#37] and takes them as true for the purposes of this Recommendation. Plaintiff

Carlos Brito ("Plaintiff" or "Mr. Brito") is a "disabled individual who has a physical impairment that substantially limits one or more major life activities[,]" requiring him to "use a wheelchair to ambulate" as he cannot do so without one. *See* [#1 at ¶¶ 3–4]. He brings this action pursuant to Title III of the Americans with Disabilities Act ("ADA" or "Act"), 42 U.S.C. § 12181 *et seq.*, against Defendants as the owners, lessors, or operators of the real property and Wendy's Restaurant located at 2515 W. Montebello Drive, Colorado Springs, Colorado 80918—a place of public accommodation ("PPA") under the Act. *See* [#37 at ¶¶ 1, 6–9]. He identifies himself as a "tester" for the purposes of discovering, encountering, and engaging discrimination against the disabled in public accommodations. [*Id.* at ¶ 15].

Plaintiff alleges that he visited Defendants' PPA on or about June 15, 2017, and personally encountered several architectural barriers that mired his access to the premises. *See* [*id.* at ¶¶ 14, 16]. These included noncompliant handicap accessible parking spaces; noncompliant and obstructed entry ways and paths of travel; noncompliant and obstructed access to dinning; and noncompliant restrooms. *See* [*id.* at ¶¶ 24–25]. Thus, he was unable to fully and equally enjoy the goods and services of Defendants' PPA and, because the architectural barriers remain, he is deterred from returning despite his desire to do so in the future. *See* [*id.* at ¶¶ 17, 23, 27].

On March 19, 2018, Defendants' moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1), arguing that the court lacks subject matter jurisdiction because Mr. Brito does not have standing to sue. *See* [#10]. Plaintiff has since filed a Response [#15] and Defendants a Reply [#24]. Since then, Plaintiff moved to amend his Complaint so as to remove Defendant Holland Buerk Enterprises, Inc. a/k/a Wendy's #4941 and to name Wendy's of Colorado Springs, Inc. as the true owner, lessor, or operator of the Wendy's Restaurant that is the subject

of this suit. *See* [#34]. Because amendment was unopposed, the court ordered, and Plaintiff filed, his Amended Complaint on May 8, 2018 [#36; #37], the operative pleading in this matter. This court noted that the Amended Complaint did not appear to moot the pending Motion to Dismiss, and informed the Parties that it would consider the Motion to Dismiss as directed to the Amended Complaint [#36]; neither Party objected to this determination.

Defendants then filed the instant Motion to Stay on June 15, 2018. [#38]. Though acknowledging that this case has proceeded with discovery since the filing of the Motion to Dismiss, Defendants now request that this court stay discovery until there is a ruling on the Motion to Dismiss to avoid needless discovery. Plaintiff has yet to respond, but given this court's Recommendation on the Motion to Dismiss, ruling on the Motion to Stay is appropriate at this time. *See* D.C.COLO.LCivR 7.1(d). I consider both Motions in turn.

## ANALYSIS

### I. Defendant's Motion to Dismiss

#### A. Legal Standard

Federal courts are courts of limited jurisdiction and, as such, "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *The Wilderness Soc. v. Kane Cty., Utah*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011) (Gorsuch, J., concurring); *accord 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (noting that courts have an independent obligation to satisfy themselves that subject matter jurisdiction exists, even in the absence of a challenge by either party). Under Article III of the United States Constitution, federal courts have jurisdiction to hear only certain "cases" and "controversies." *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014). To satisfy Article III's case or controversy requirement, Plaintiffs must

establish: (1) an injury in fact; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood of redressability by a favorable decision. *New Mexico v. Dep't of Interior*, 854 F.3d 1207, 1214–15 (10th Cir. 2017). Indeed, standing cannot be assumed "in order to proceed to the merits of the underlying claim, regardless of the claim's significance." *Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 543 (10th Cir. 2016).

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may either facially or factually attack the court's subject matter jurisdiction. *See generally Pueblo of Jemez v. United States*, 790 F.3d 1143, 1147 n.4 (10th Cir. 2015). When, as here, a party levies a facial attack the court presumes the truthfulness of the facts alleged in the complaint. *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995). In doing so, the court applies the same standards as Rule 12(b)(6) in that the court must accept well-pleaded factual allegations but not unsupported conclusory assertions. *Muscogee (Creek) Nation v. Oklahoma Tax Comm'n*, 611 F.3d 1222, 1227 & n.1 (10th Cir. 2010). Like standing, the burden of establishing jurisdiction rests with the party asserting it. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

### B.  Application

Defendants argue that Mr. Brito lacks standing to sue because he has not alleged an injury-in-fact that is concrete and particularized. *See* [#10 at 6; #24 at 3–4]. According to Defendants, this is particularly fatal to Plaintiff's claim for prospective injunctive relief because there is no allegation of a real and immediate threat of future injury. *See* [#10 at 7–9; #24 at 3–5]. And, Defendants contend, Plaintiff's status as a "tester" does not cure his deficient pleading,

nor does the application of a "deterrence theory" of standing—a theory Defendants argue should not apply in the first instance. *See* [#10 at 9; #24 at 4–5].[1]

"Injury in fact involves invasion of a legally protected interest that is concrete, particularized, and actual or imminent." *Citizen Ctr. v. Gessler*, 770 F.3d 900, 910 (10th Cir. 2014); *accord Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211 (10th Cir. 2014) (holding that ADA "testers", "[l]ike any plaintiff," must establish a cognizable injury in fact that will be redressed by the relief sought). Conjectural or hypothetical injuries, or future injuries that are not certainly impending, are insufficient. *See Brown v. Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016).

In this regard, Defendants aver that Plaintiff merely lists violations of the ADA Accessibility Guidelines without any supporting factual allegations about how these violations "actually hindered Plaintiff's full and equal enjoyment" of the PPA. [#10 at 6–7 (relying on *Champan v. Pier 1 Imports (U.S.) Inc.*, 631 F.3 939, 954–55 (9th Cir. 2011); #24 at 5]. While the specifics of Mr. Brito's injuries refer to the ADA Accessibility Guidelines, this court concludes that Plaintiff provides sufficient factual allegations as to how the discrimination affected him personally. He claims he could not access the PPA because there were not enough handicap accessible parking spots and the existing ones "lack[] required access aisles and lead to ramps [with] excessive slopes"; he claims he had difficulty traversing the path of travel because it was not continuously accessible and had varying gradients; he claims there were protruding objects within the PPA hindering his access to dining; and he claims he could not access the restroom because he could not transfer to the toilet, or use the urinal, or maneuver his

---

[1] Despite Plaintiff's arguments to the contrary, *see* [#15 at 6–9], I agree with Defendants that they do not move to dismiss Mr. Brito's claim on exhaustion grounds. Nevertheless, this court agrees with those courts that have held exhaustion of administrative remedies inapplicable to Title III claims. *See Mize v. Kai, Inc.*, No. 17-CV-00915-NYW, 2017 WL 5195203, at *5–6 (D. Colo. Nov. 9, 2017).

5

wheelchair. *See* [*id.* at ¶ 25]. Thus, Plaintiff does not merely list ADA Accessibility Guidelines violations—he articulates what architectural barriers he encountered and how these denied him full and equal access to Defendants' PPA. *See Chapman*, 631 F.3d at 954.

Next, Defendants argue Plaintiff does not allege an imminent threat of future injury sufficient for prospective relief. When seeking prospective relief "the plaintiff must be suffering a continuing injury or be under a real and immediate threat of being injured in the future." *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004). The court's focus is on whether Plaintiff alleges a certainly impending future injury, namely, a likelihood or intent to return to Defendants' PPA. Four factors guide this determination: "(1) the proximity of defendant's business to plaintiff's residence, (2) the plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Brito v. Big Lots Stores, Inc.*, No. 17-CV-02052-CMA-KMT, 2017 WL 5665057, at *3 (D. Colo. Nov. 27, 2017) (collecting cases). *See also Brito v. JP Antlers LLC*, No. 17-CV-01956-CMA-NYW, 2018 WL 317464, at *4 (D. Colo. Jan. 8, 2018) (same); *Brito v. DHCS Assocs., LLC*, No. 17-CV-01651-STV, 2017 WL 6405808, at *5 (D. Colo. Dec. 15, 2017) (same). All four factors weigh in Plaintiff's favor at this stage.

The first, second, and fourth factors are straightforward. **First**, though his original Complaint did not contain his residency and/or domicile, the Amended Complaint alleges that he "owns property in Colorado Springs and resides [there] for regular durations throughout the year." [#37 at ¶ 5]. **Second**, he alleges he patronized Defendants' PPA on or about June 15, 2017. [*Id.* at ¶ 14]; *cf. Tandy*, 380 F.3d at 1283 ("Past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury."). **Fourth**, Mr. Brito's allegation that he owns property and regularly resides in the same city as Defendants' PPA "at least plausibly

suggests, at this stage of the proceedings, that he likely frequently travels near the [PPA]." *Brito v. DHCS Assocs., LLC*, 2017 WL 6405808, at *5.

The ***third*** factor, by contrast, is less clear. Mr. Brito proclaims he intends to avail himself of the benefits of Defendants' PPA in the future, but given the unremediated architectural barriers, he is deterred from patronizing Defendants' PPA until those barriers are removed. *See* [#37 at ¶¶ 17, 23, 27, 30]. Defendants stress that deterrence is not enough, nor should it be. *But cf. Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002) (holding that a disabled plaintiff demonstrated an actual, imminent injury by alleging he encountered architectural barriers at a PPA that deterred him from further patronage given that the barriers remained). While no controlling precedent from the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has ever endorsed the deterrence theory, at least two courts in this District have entertained it on similar motions to dismiss. In *Brito v. DHCS Associates, LLC*, the court found sufficient Mr. Brito's assertions that he could not identify a date certain he would return to the discriminating PPA because he was deterred from doing so. *See* 2017 WL 6405808, at *5. In *Garcia by and through Garcia v. Family Dollar Stores of Colorado, Inc. ("Garcia")*, though noting the lack of controlling Tenth Circuit precedent, the presiding judge, the Honorable Raymond P. Moore, stated his willingness "to accept that a deterrence theory may be accepted by the Tenth Circuit." No. 16-CV-02348-RM-KLM, 2017 WL 3498955, at *2 (D. Colo. Aug. 16, 2017). Judge Moore then went on to conclude that the plaintiffs' alleged deterrence, standing alone, was insufficient for purposes of standing, because the "collection of allegations does not create a plausible sense that any discriminatory conditions are actually continuing at any Family Dollar store . . . . There must also be continuing discrimination." *Id.* at *3 (emphasis omitted). In contrast, the Amended Complaint here sets forth Mr. Brito's

deterrence *and* that the architectural barriers remain at Defendants' PPA. *See* [#37 at ¶¶ 17, 23, 27, 29, 30]. I find this sufficient at this stage.

Based on the foregoing, this court concludes that Mr. Brito has sufficiently alleged an actual injury, one that presents an imminent, future threat of injury for purposes of prospective relief. Defendants' arguments regarding Plaintiff's sincerity or credibility are simply not issues that are appropriately considered, let alone decided, at this stage of the proceeding. *See e.g.*, *Kay v. Bemis*, 500 F.3d 1214, 1219 (10th Cir. 2007) (observing that the trial court's assessment of a plaintiff's sincerity and credibility was premature at the motion to dismiss stage). Therefore, I respectfully **RECOMMEND** that Defendants' Motion to Dismiss be **DENIED.**

## II. The Motion to Stay

### A. Legal Standard

Whether to stay discovery is a matter left to the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Although courts in this District generally disfavor the stay of all discovery, *see Wason Ranch Corporation v. Hecla Mining Co.*, No. 07-CV-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007), "a stay may be appropriate if resolution of a preliminary motion may dispose of the entire action," *Elec. Payment Sys., LLC v. Elec. Payment Sols. of Am., Inc.*, No. 14-CV-02624-WYD-MEH, 2015 WL 3940615, at *1 (D. Colo. June 25, 2015) (internal quotation marks omitted). Indeed, "a stay of discovery during the pendency of a dispositive motion asserting a jurisdictional challenge may be appropriate and efficient." *Sandoval v. United States*, No. 11-CV-01533-REB-KLM, 2011 WL 3682768, at *2 (D. Colo. Aug. 23, 2011). The appropriateness of a stay depends on (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties

to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

### B. Application

Defendants move for a temporary stay of discovery "to allow this court the opportunity to issue a ruling that may dispose of the entire case in their favor." [#38 at 1]. They continue that the *String Cheese* factors counsel in favor of a stay, because Plaintiff will not suffer prejudice from a stay given that he is a serial litigator, does not reside in Colorado, and seeks only injunctive relief; Defendants, conversely, are burdened by further discovery that may be irrelevant pending a ruling on their Motion to Dismiss; the court will be convenienced by a stay to allow it to "focus on resolving the motion to dismiss"; non-parties will be only minimally impacted, if at all, from a stay; and the public interest is served from a stay given the Congress's recent efforts "intended to stem the tide of Title III lawsuits brought by serial [ADA] litigants[.]" [*Id.* at 3–5]. Plaintiff has yet to respond to the Motion to Stay, but in light of this court's recommendation above I find that it is appropriate to rule on the Motion to Stay at this juncture. *See* D.C.COLO.LCivR 7.1(d).

At bottom, Defendants seek a temporary stay of discovery pending a ruling on their Motion to Dismiss, believing their Motion warrants dismissal of Plaintiff's Amended Complaint. But as discussed above, this court concludes that Plaintiff has sufficiently alleged his standing to proceed with this matter. While Judge Moore may ultimately disagree with that conclusion, this court is also not persuaded that the *String Cheese* factors weigh in favor of a stay. That is, it is not clear that Plaintiff will not be prejudiced from a stay in this case simply because he has several similar cases in this District and elsewhere. Next, discovery has commenced and the parties have not sought intervention from this court to date, and it does not appear that discovery

in this matter is overly complex or burdensome on either party. Additionally, the principles of Rule 1 of the Federal Rules of Civil Procedure counsel in favor of allowing discovery to continue given this court's above Recommendation on the Motion to Dismiss. The interests of non-parties and the public do not suggest otherwise. Accordingly, the Motion to Stay is **DENIED.**

## CONCLUSION

For the reasons stated herein, I respectfully **RECOMMEND** that:

(1) Defendants' Motion to Dismiss [#10] be **DENIED**.[2]

**IT IS FURTHER ORDERED** that:

(1) Defendants' Motion to Stay [#38] is **DENIED**.

DATED: June 28, 2018

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge

---

[2] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).